HAROLD EDWIN CASETY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Casety v. Commissioner
Docket No. 27264-91
United States Tax Court
T.C. Memo 1993-410; 1993 Tax Ct. Memo LEXIS 419; 66 T.C.M. (CCH) 616; September 7, 1993, Filed *419 Decision will be entered for petitioner. Harold Edwin Casety Jr., pro se. For respondent: Douglas A. Fendrick. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for 1988 in the amount of $ 2,452. The issue for decision is whether petitioner is liable for self-employment tax on $ 18,661 of income earned as a paralegal in 1988. [1]
*420 Some of the facts have been stipulated and they are so found. The stipulation and attached exhibits are incorporated by this reference. At the time the petition herein was filed petitioner resided in Upper Darby, Pennsylvania. Harold Casety (petitioner) worked as a paralegal during the 1988 tax year for Jordan R. Pitock, P.C., (Pitock). He received two Forms 1099-Misc., (Forms 1099), from Pitock for paralegal services totaling $ 18,661. The Forms 1099 listed the amounts received as nonemployee compensation. No withholdings were made from petitioner's paychecks during 1988. Petitioner's paychecks were drawn from an "attorney's account" and not from a general payroll account. Section 1401 imposes a tax on self-employment income. Subsections (a) and (b) of section 1402 define "self-employment income" as the gross income less certain deductions, derived by an individual from any trade or business carried on by such individual. Section 1402(c)(3) provides that "trade or business" for purposes of self-employment income does not include service as an "employee". Petitioner contends that throughout 1988 he was employed by Pitock as a paralegal and, as such, he was an employee *421 of Pitock. Petitioner bears the burden of proving the existence of an employment relationship between him and Pitock. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 1402(d) refers us to section 3101 for the applicable definition of "employee" which in turn refers us to section 3121(d). Section 3121(d)(2) defines "employee" as "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee". In essence, to determine the existence of an employer-employee relationship this Court must look to common law concepts. Professional & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 231 (1987), affd. 862 F.2d 751 (9th Cir. 1988); Packard v. Commissioner, 63 T.C. 621 629 (1975); Gamal-Eldin v. Commissioner, T.C. Memo. 1988-150, affd. without published opinion 876 F.2d 751 (9th Cir. 1989). Section 31.3121(d)-1(c)(2), Employment Tax Regs., provides the following definition of the common law employer-employee relationship: *422 (2) Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services *423 as an independent contractor is not as to such services an employee under the usual common law rules. Individuals such as physicians, lawyers, dentists, veterinarians, construction contractors, public stenographers, and auctioneers, engaged in the pursuit of an independent trade, business, or profession, in which they offer their services to the public, are independent contractors and not employees.
Whether an employer-employee relationship exists is a question which must be determined on the basis of the specific facts and circumstances involved. Professional & Executive Leasing, Inc. v. Commissioner, supra at 232; sec. 31.3121(d)-1(c)(3), Employment Tax Regs.
The record in this case is sparse and consists almost entirely of the contradictory testimony of petitioner and Pitock. Pitock, however, does not dispute petitioner's testimony that Pitock paid him a fixed rate of compensation regardless of the number of hours worked, provided him with office space, and paid for his health insurance. Petitioner was furnished with all necessary supplies. Petitioner also testified that Pitock decided "what I was to work on, the manner in how I was *424 to work on it and essentially, how the results would be arrived at". Petitioner's duties included research, preparing briefs, and helping Pitock with some of the trials. According to petitioner, Pitock's control over the manner in which his work was to be performed and the result to be reached, in addition to the agreed upon facts, confer on him the status of employee. Pitock's testimony directly contradicts petitioner's. Pitock testified that petitioner requested that he be employed as an independent contractor so he would be free to work for other people. The record is unclear as to whether petitioner worked for others during the 1988 tax year. Pitock further testified that he did not supervise the manner in which petitioner performed his work although they did "discuss the status of cases and what was going on". Given petitioner's position as a paralegal, we find Pitock's testimony that his supervision of petitioner's work was limited to the discussion of the status of cases unconvincing. On this record we find that Pitock retained the right to control the manner in which petitioner's services were performed. Such a finding, in addition to Pitock's paying petitioner a *425 fixed rate of compensation and supplying him with office space and health benefits, leads us to conclude that based upon the facts and circumstances herein involved petitioner was an employee of Pitock and not an independent contractor. We note that the fact that petitioner's paychecks were drawn from an "attorney's account" and not from a general payroll account does not mandate a different conclusion. To reflect the foregoing, Decision will be entered for petitioner. Footnotes
1. In his petition filed with the Court on Nov. 25, 1991, petitioner alleges that because no Schedule C was filed with his return respondent could not correctly calculate the proper amount of tax due, that the statute of limitations expired prior to the issuance of the notice of deficiency, and that he and respondent had entered into a binding agreement regarding his 1988 tax liability. Petitioner did not pursue these allegations at trial, and we consider them abandoned. In any event, with respect to the statute of limitations allegation, it readily appears that the notice of deficiency issued Aug. 29, 1991, for the 1988 taxable year was timely under sec. 6501(a).↩